Adomas Rimkus, Defendant in Error, v. John M. Tananevicz, trading as Tananevicz Savings Bank, Plaintiff in Error.

Gen. No. 22,131. (Not to be reported in full.).

Error to the Municipal Court of Chicago; the Hon. JOSEPH P. RAFFERTY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed June 27, 1917.

## Statement of the Case.

Action by Adomas Rimkus, plaintiff, against John M. Tananevicz, trading as Tananevicz Savings Bank, defendant, to recover money deposited with defendant. To reverse a judgment for $560 for plaintiff, defendant prosecutes this writ of error.

Defendant sought to introduce evidence in regard to certain expenses incurred by it in defending certain lawsuits and as to the number of its employees who had attended the trials and the number of days they were in court, but the evidence was ruled out as incompetent. It also sought to show that plaintiff had lived in the same house as his brother and the woman by whom the brother's passbook had been presented to defendant and who had received the money thereon; that he was intimately acquainted with both of them; that he knew his brother gave the passbook to her and that at the time she was pregnant; that she and the brother were engaged to be married and had gone to a church to arrange for marriage and had arranged for it; that three days after aiding his brother to withdraw his money without presenting his passbook it being claimed by such brother to have been lost, he took the brother away. Such evidence was excluded as immaterial.

CHARLES C. BODENSTAB, for plaintiff in error.

LITZINGER, McGURN & REID, for defendant in error.

MR. JUSTICE TAYLOR delivered the opinion of the court.

## Abstract of the Decision.

1. BANKS AND BANKING, § 117*—*what constitutes prima facie case in action to recover savings deposit.* Where plaintiff, in an action to recover a savings deposit, alleges in his statement of claim the deposit of the sum with defendant under a certain book account and this is not denied by defendant, he makes out a prima facie case and the burden of introducing evidence to prove that plaintiff is not entitled to recover on that account is then on defendant.

2. INDEMNITY, § 2*—*when bond is nullity.* An indemnifying bond which does not name any one to whom the maker of the bond is bound is a nullity.

3. BANKS AND BANKING, § 118a*—*when evidence sufficient to support verdict for plaintiff in action to recover deposit.* In an action to recover a savings deposit, evidence *held* sufficient to support a verdict for plaintiff though he was the only witness in his own behalf while six witnesses testified for defendant.

4. BANKS AND BANKING, § 118*—*when exclusion of evidence is proper.* In an action to recover a savings deposit, rulings of the court in excluding certain evidence as incompetent and immaterial, *held* proper.

5. INSTRUCTIONS, § 120*—*when instruction properly refused.* An instruction which recited matters and suggested findings in support of which the record contained no evidence, *held* properly refused.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.